UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TIMOTHY BEALL,                        )
                                      )   No. CV-07-3041-CI
          Plaintiff,                  )
                                      )   ORDER GRANTING PLAINTIFF'S
v.                                    )   MOTION FOR SUMMARY JUDGMENT
                                      )   AND REMANDING FOR ADDITIONAL
MICHAEL J. ASTRUE, Commissioner       )   PROCEEDINGS
of Social Security,                   )
                                      )
          Defendant.                  )
                                      )
                                      )

     BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.
Rec. 20, 23.)  Attorney D. James Tree represents Plaintiff; Special
Assistant United States Attorney Daphne Banay represents Defendant.
The parties have consented to proceed before a magistrate judge.
(Ct. Rec. 8.)  After reviewing the administrative record and briefs
filed by the parties, the court **GRANTS** Plaintiff's Motion for
Summary Judgment, and remands the matter to the Commissioner for
additional proceedings.

                            **JURISDICTION**

     In June 2002, plaintiff Timothy Beall (Plaintiff) protectively
filed applications for disability insurance benefits and Social
Security Income benefits. (Tr. 59-61, 301-303, 346.)  Plaintiff
alleged disability due to mental illness, depression, anxiety, back
injury, pinched nerve and degenerative arthritis, with an alleged

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS - 1

onset date of June 1, 2001. (Tr. 67.)   Benefits were denied
initially, on reconsideration and by the administrative law judge
(ALJ) Cheri Filion after hearing on June 26, 2004.  (Tr. 18-30.)
On appeal to the U.S. District Court for the Eastern District of
Washington, the case was remanded to the Commissioner for further
administrative proceedings. (Tr. 403.)

Plaintiff appeared and testified at a second hearing before
ALJ John Hood on April 24, 2006.  Medical experts Anthony Francis,
M.D., and Ronald Klein, Ph.D., and vocational expert William Wright
also testified.  (Tr. 510-58.)  Additional consultative examinations
were ordered after the hearing.  Before ALJ Hood issued a decision,
the case was reassigned to ALJ Richard Say, who reviewed the record
and, without a supplemental hearing, denied benefits on April 16,
2007. (Tr. 346-54.)   The Appeals Council denied review.  (Tr. 7.)
The instant matter is before this court pursuant to 42 U.S.C. §
405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript
of proceedings, and are briefly summarized here.  At the time of the
April 2006 hearing, Plaintiff was 41 years old.  (Tr. 534.)  He had
a high-school education and one year of college.  (Tr. 73.)  He
reported he was divorced and had two children with whom he has no
contact.  (Tr. 133.)  He was trained as an orthotics and prosthetics
technician and had significant past work experience in this field.
(Tr. 80, 134.)   He had a twenty-year history of methamphetamine
abuse but testified his last drug use was in April 2003. (Tr. 327.)
He testified at the 2006 hearing before ALJ Hood that he could not

1  work because of getting angry, problems with being told what to do,

2  losing focus, and back pain. (Tr. 536, 538, 545, 546.)

3  **ADMINISTRATIVE DECISION**

4       Based on a review of the record, including the transcript of

5  the hearings before ALJs Filion and Hood, ALJ Say adopted the

6  summary of the medical record in ALJ Filion's decision, dated June

7  26, 2006. (Tr. 349, 18-24.) He summarized new evidence presented

8  after the remand and found that Plaintiff was insured through

9  September 30, 2004. (Tr. 348.) At step one he found Plaintiff had

10 not engaged in substantial gainful activity during the relevant

11 time. (*Id.*) At step two, he found Plaintiff had severe impairments

12 of "methamphetamine and alcohol abuse in remission, antisocial

13 personality disorder, and back pain associated with remote

14 compression fractures at T7 and T8," and determined at step three

15 that these impairments did not meet or medically equal one of the

16 listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations

17 No. 4 (Listings). (*Id.*)   The ALJ found Plaintiff's allegations

18 regarding his limitations were not credible. (Tr. 352-53.) At step

19 four, he determined Plaintiff had a residual functional capacity

20 (RFC) to perform medium work with several mild mental limitations.

21 (Tr. 351.)   The ALJ concluded Plaintiff could perform his past

22 relevant work as an orthotics and prosthetic technician and was not

23 disabled as defined by the Social Security Act through the date of

24 his decision. (Tr. 353-54.)

25 **STANDARD OF REVIEW**

26      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

27 court set out the standard of review:

28

A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS - 4

disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues ALJ Say erred when: (1) he did not allow Plaintiff the opportunity to testify at a hearing before the decision-maker; (2) he determined Plaintiff's depression, panic disorder and agoraphobia were non-severe impairments at step two; (3) he made the RFC assessment; and

(4) he failed to include all limitations in his hypothetical to the vocational expert.  (Ct. Rec. 21 at 14.)

**DISCUSSION**

Plaintiff appeared and testified at the hearing before ALJ Filion on February 9, 2004.  (Tr. 342.)  Plaintiff reported he had been living in clean and sober housing for five months.  (Tr. 321.) He testified his family ran a prosthetic business; he worked at the family business and other prosthetics firms over the years.  He testified he was fired from his last job as a prosthetics technician in 2001, due to his drug addiction.  He also quit jobs because he could not handle the pressure.  (Tr. 324.)  He reported he had gone through six treatment programs, including an intensive outpatient one for the past three years.  He stated he graduated from that program two months before the hearing.  (325-26.)  He stated at the hearing that he used drugs while attending the program, and his last use was April 8, 2003.  (Tr. 327.)  He testified that he could not work because he has problems with authority figures and, even with medication, he suffered "audio and video hallucinations."  (Tr. 332.)   He reported various encounters with law enforcement, including felony and malicious mischief convictions.  (Tr. 322.)  At the time of the first hearing, he was living in clean and sober housing with roommates.  They shared household duties, including cleaning and shopping.  (Tr. 334.)  He attended support meetings five to seven times a week.  (Tr. 335.)  Plaintiff reported he had similar problems relating to people in the workplace, whether on or off illegal drugs and medication, and could not work due to mental illness and anger control issues, which he described in detail.

(Tr. 337-39.)

After a two-step sequential evaluation considering Plaintiff's drug addiction, ALJ Filion denied benefits.  The matter was appealed to federal district court.  The parties stipulated to a remand for further development of the record regarding Plaintiff's physical impairments and limitations and, if necessary, medical expert testimony regarding mental impairments and vocational expert testimony.  (Tr. 403-04.)  The matter was remanded to the Commissioner on September 21, 2005.  The record was supplemented with treatment notes from Central Washington Comprehensive Mental Health (Tr. 453-59) and a one paragraph letter from Plaintiff's family physician, James Lindstrom, M.D., stating Plaintiff did not have any "disabling physical conditions." (Tr. 461.)

A second ALJ hearing was held on April 24, 2006, before ALJ John Hood.  (Tr. 510-58.)  Plaintiff, medical experts Ronald M. Klein, Ph.D., and orthopedic surgeon Anthony Francis, M.D., and vocational expert Bill Wright testified.

Dr. Klein gave a thorough summary of the evidence in the record and a detailed assessment of Plaintiff's mental limitations with and without the effects of drug addiction, noting that when Plaintiff was actively using drugs, he met the requirements for Listing 12.09, Substance Addiction.  (Tr. 514.) He opined that for the two and half years Plaintiff was clean and sober, he had a mild dysthymic disorder that did not qualify as a severe impairment. (Tr. 514, 517-21.)

Dr. Francis testified the record showed a compression fracture of T7 and T8 that could cause back pain, but Plaintiff's back

problems did not meet or equal the Listings. (Tr. 543-44.) He commented that there was very little documentation, and no imaging report, regarding Plaintiff's orthopedic condition. (Tr. 540.)

At the conclusion of the second hearing, ALJ Hood ordered a consultative orthopedic examination, which took place on June 30, 2006, (Tr. 557, 463-76) and a consultative psychological examination, which took place July 24, 2006. (Tr. 504-08.) Dr. Francis reviewed the consultative orthopedic examination report completed by Fred Price, O.D., after the second hearing and submitted answers to interrogatories from ALJ Hood. (Tr. 506.) In his response to the interrogatories, Dr. Francis declined to opine as to specific limitations caused by Plaintiff's back condition because he had not examined Plaintiff. (Tr. 507.) The record does not indicate that Dr. Klein reviewed results from the post-hearing psychological examination completed by Roland Dougherty, Ph.D. (Tr. 477.)

Plaintiff also testified at the second hearing. He described his past work as a prosthetics technician and a "stacker." (Tr. 535, 537.) He stated he was fired from his last prosthetics jobs because of his drug abuse, and he quit the stacker job due to back pain and anger control issues. (Tr. 535, 538, 544.) He testified he had been clean and sober since April 8, 2003. (Tr. 536, 548.) He claimed without drugs he had auditory hallucinations. (Tr. 548.) He stated he was unable to work after going off drugs due to anger control issues, problems with authority figures, and problems with concentration. (Tr. 536, 546.) He reported a history of problems with law enforcement, including an incident that occurred one week

before the second hearing.  He stated he did not drive because his license was suspended.  (Tr. 545.)

In his April 2007 decision, ALJ Say found that Dr. Klein testified "claimant's impairments did not meet or equal a listing," and adopted Dr. Klein's assessment as "consistent with and supported by the medical evidence of record."  (Tr. 350.)  These findings are not supported by substantial evidence.  The record shows that Dr. Klein testified "[T]here isn't anything that meets or equals a listing other than the 12.09 drug abuse and alcohol issues if you look over the span of time."  (Tr. 514.)  Dr. Klein then stated, "I think the DA and A from a clinical diagnostic issue is the key issue."

**A.  Drug Abuse in the Context of Disability Proceedings**

Where drug and/or alcohol abuse (DAA) is a consideration during disability proceedings, the Regulations implemented by the Commissioner require the ALJ to follow a specific two-step analysis. 20 C.F.R. § 404.1535(a), 416.935(a).  First, the ALJ must conduct the five-step sequential evaluation without attempting to determine the impact of DAA.  If the ALJ finds that the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits, and there is no need to proceed with further analysis. *Id*.  If the ALJ finds that claimant is disabled, and there is evidence that DAA is a contributing factor material to disability, the ALJ should proceed under the sequential evaluation and § 404.1535 or § 416.935 to determine if the claimant would still be disabled if he stopped using drugs and/or alcohol.  *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).  The burden of proof is

on the claimant to prove his drug or alcohol addiction is not a contributing factor material to a disability finding. *Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007).

In *Parra*, the Ninth Circuit also held that failure to conduct the two-part *Bustamante* analysis may be harmless error where the ALJ's analysis clearly assumed a claimant's drug-related impairments were disabling, and proceeded to analyze impairments without the effects of substance abuse. Here, the court cannot assume ALJ Say considered Plaintiff's alleged mental impairments disabling with the effects of methamphetamine abuse. In spite of Dr. Klein's testimony that Plaintiff met Listing 12.09 and drug abuse was a key factor in Plaintiff's case, and ALJ Filion's finding that Plaintiff met the requirements of Listing 12.09, ALJ Say did not discuss or analyze properly the effects of Plaintiff's long history of methamphetamine abuse on his alleged mental impairments and limitations. 20 C.F.R. §§ 404.1535, 416.935. The ALJ's failure to consider drug abuse in his sequential evaluation as required by the Regulations and case law is legal error and cause for reversal.

The court also notes on independent review that in forming his opinions, Dr. Klein could not have considered Dr. Dougherty's consultative evaluation because Dr. Dougherty's report was not ordered or completed until after the April 2006 hearing at which Dr. Klein testified. (Tr. 557.) Therefore, Dr. Klein's opinions were not based on the entire medical record. Dr. Dougherty, who examined Plaintiff in July 2006, three years after his purported last drug use, assessed a number of moderate limitations due to Plaintiff's mental impairments. (Tr. 502.) It is unknown if Dr. Klein's

assessment of "mild" mental limitations relied upon by ALJ Say would change upon review of Dr. Dougherty's report and objective testing results. Because Dr. Klein's opinions were not based on the entire record, his testimony is not substantial evidence on which the ALJ could rely. *See Andrews*, 53 F.3d at 1041. Likewise, the vocational expert, who testified that Plaintiff would not be able to sustain employment with an "accumulation of moderates," was not presented with limitations assessed by Dr. Dougherty. (Tr. 555.) On remand, new medical expert testimony is necessary to assess the entire record and establish, among other factors, when DAA was a contributing factor material to Plaintiff's mental disability under Listing 12.09.

**B.    Right to Testify Before the Decision-Maker**

Without deciding whether a disability claimant has a due process right to testify before the ALJ who renders the final decision, the court determines it is clear from the Commissioner's own policy rulings that a claimant's right to appear before the decision maker is a significant factor in disability proceedings. *Social Security Ruling* 79-19 discusses a claimant's right to appear, and the implications of waiving that right: "The presiding officer's personal observations of the appellant can also add additional weight to the medical evidence or other information of record." *SSR* 79-19. The hearing before the decision-maker is "an opportunity to present additional oral testimony himself . . . directly to the decision-maker." *Id.* Here, the decision-maker did not have the opportunity to observe or question the Plaintiff after several years of alleged abstinence regarding activities of daily living, criminal

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS - 11

activity, physical and mental limitations, and drug use. Further, Plaintiff's representative did not have an opportunity to question the medical expert or the vocational expert about Dr. Dougherty's findings. A supplemental hearing to develop the record with additional medical expert and vocational expert testimony and examination by Plaintiff's representative, as well as testimony and additional evidence of abstinence from Plaintiff, is, therefore, necessary on remand.

**C.   Remedy**

The court declines to find the errors discussed above "harmless." The ALJ decision is devoid of reference to the Regulations regarding drug addiction, despite expert testimony that Plaintiff met Listing 12.09 during the alleged period of disability. Drug abuse has been a significant factor in Plaintiff's claimed mental impairments, but there is no discussion in the decision before the court of DAA materiality.[1] The court will not assume ALJ

---

[1] As stated by the *Parra* court, Plaintiff has the burden of proving that substance addiction is not a contributing factor to his alleged disabling mental impairments. *Parra,* 481 F.3d at 748. Although Plaintiff testified his last drug use was April 2003, at his interview with Dr. Dougherty, he reported a "meth run" and a malicious mischief charge in June 2003. (Tr. 484.) The evidence includes reports of malingering and secondary gain from medical providers. (Tr. 483.) Dr. Dougherty referenced documentation that Plaintiff used unlawful controlled substances during treatment. (*Id.*) Other than self-report by Plaintiff, whom the ALJ found not credible, there is no objective evidence in the record to establish

Say considered Plaintiff's impairments disabling with the effects of drug abuse without findings of the specific Listings met, and the duration of the disability.  20 C.F.R. Part 404, Subpt. P, App. 1, Section 12.00A.    Further, an error is harmless only when the correction of that error would not alter the result. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995).  This court cannot "confidently conclude" that no reasonable ALJ would reach a different disability determination if a proper sequential evaluation were conducted, and additional testimony considered.    *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).  It is not clear from the record that Plaintiff is disabled, with or without the effects of drug abuse, or during what period drug abuse was a contributing factor material to an established disability; therefore remand is appropriate. *Harman*, 211 F.3d at 1178 (*citing Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

A supplemental hearing is necessary to obtain expert testimony regarding the record in its entirety, as well as the effects of long term methamphetamine use on medically determinable mental impairments.    Plaintiff may submit new evidence to establish his claimed abstinence. *See, e.g., Parra,* 481 F.3d at 748.  Thereafter, a new decision with a legally sufficient sequential evaluation considering the effects of drug use, and "clear and convincing" credibility findings supported by the record is necessary. *See Harman*, 211 F.3d at 1178; *Smolen,* 80 F.3d 1273, 1292 (9th Cir. 1996).  Accordingly,

---

if and when Plaintiff stopped using methamphetamine or other illegal drugs.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS - 13

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 20 )** is **GRANTED**.  This matter is remanded to the Commissioner for additional proceedings pursuant to sentence four of 42. U.S.C. § 405(g) and the decision above;

2.    Defendant's Motion for Summary Judgment **(Ct. Rec. 23)** is **DENIED;**

3.    An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED July 15, 2008.


                    S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE